HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NYLUND HOMES INC,

    Plaintiff,

 v.

PAMELA S OWEN, et al.,

    Defendants.

CASE NO. C18-5357 RBL

ORDER REMANDING TO STATE COURT

THIS MATTER is before the Court on Plaintiff Nylund Homes' Motion to Remand [Dkt. #8] and Defendant Pamela Owen's Motion to Enforce an Automatic Stay [Dkt. #10]. Following a foreclosure sale, Nylund Homes sued Pamela Owen for unlawful detainer in state court, under state law. After the Clark County Superior Court entered a Writ of Restitution evicting Owen from the subject property, Owen removed the case to federal court, purportedly invoking this Court's federal question jurisdiction. Nylund Homes moves to remand the case back to state court, arguing that this Court lacks subject matter jurisdiction over the case, and that Owen has removed the action in an attempt to "appeal" the valid Writ of Restitution already entered by the Clark County Superior Court. Dkt. 7-1 at 7. Because the Court lacks subject matter jurisdiction over this lawsuit, Nylund Homes' Motion to Remand is **GRANTED**.

ORDER REMANDING TO STATE COURT - 1

## I. LEGAL STANDARD

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). The removal statute is strictly construed against removal jurisdiction, and the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Id.* at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). A defense is not part of a plaintiff's properly pleaded statement of his or her claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983). Under 28 U.S.C. § 1447(c), the district court must remand a case if at any time before final judgment if it appears that the court lacks subject matter jurisdiction. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

## II. DISCUSSION

The underlying state law Unlawful Detainer Complaint is attached to the Notice of Removal. Dkt. 1-1. It specifically references only "RCW 61.24 and 59.12 *et seq.*" *Id*. at 2. It does not reference, rely upon, or assert any claim under any federal law or statute; it is a plain vanilla, state law eviction case. Even if Owen were to assert a federal defense to the lawsuit (and it is not

clear that she does), such a contention is insufficient to confer federal question jurisdiction. Nor does this Court have diversity jurisdiction over the case.[1]

Accordingly, Owen has not met and cannot meet her burden of establishing that removal was proper, or that this court has subject matter jurisdiction over the case. The removal of this action was therefore improper and Nylund Homes' Motion to Remand [Dkt. #8] is **GRANTED**.

### III. CONCLUSION

- This matter is **REMANDED** back to Clark County Superior Court.
- Owen's Ex Parte Notice of Motion and Motion for Enforcement of Automatic Stay [Dkt. #10] is **DENIED AS MOOT**.
- The Court will not entertain a motion for fees or costs. The matter is closed.

IT IS SO ORDERED.

Dated this 15th day of May, 2018.

Ronald B. Leighton
United States District Judge

---

[1] Indeed, Owen's notice of removal states "this removal is not based on diversity of citizenship." Dkt. 1 at 2.